IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                              16-cr-4570-JMC

JOHTONNIE YAZZIE,

       Defendant.

**ORDER CONFIRMING THE PRONOUNCED ORDER OF THE COURT
DENYING WITHOUT PREJUDICE DEFENDANT'S UNOPPOSED
<u>MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE</u>**

On April 30, 2026, Defendant Johtonnie Yazzie filed a motion for early termination of supervised release in the above-styled criminal action (Doc. No. 67). The Court sentenced Defendant to ten years of supervised release on August 13, 2018. Defendant's term of supervised release is set to expire in 2030. The government and Defendant's probation officer do not oppose the motion. On May 19, 2026, the parties, through counsel, appeared before the Court for a hearing on the motion.

Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhoades v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). The court may grant an early termination of supervised release after one year has elapsed so long as the Court considers the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) and the release is in the interest of justice. 18 U.S.C. § 3583(e)(1). Thus, the Court must consider Defendant's offense, history, and characteristics; deterrence; protection for the public; educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and the sentencing range established; any pertinent policy statement; the need to avoid unwarranted sentence disparities; and the need to

provide restitution. "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)).

The Court has considered Defendant's motion, considering the statutory text of § 3583(e). It has thus considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). To be sure, Defendant has complied with the conditions of supervised release set forth by the Court—a fact the Court commends and deems relevant to its analysis. But Defendant's offense was serious. At the time of sentencing, evidence before the Court suggested Defendant began viewing and/or downloading unlawful images for approximately nine years and on multiple devices including at least three cell phones and one laptop computer. At least two of the cell phones and the laptop computer were stolen or lost and never possessed by authorities. In 2016, Defendant possessed 366 images and 61 videos—equivalent to 4,575 images—of child pornography on his cellular telephone. Because Defendant's laptop and two previous cell phones were lost or destroyed, the Court had no ability to quantify the number of images possessed or viewed by Defendant prior to 2016. However, by Defendant's own admission, there was a course of conduct over a period of years in which Defendant viewed and downloaded unlawful images. And, it is undisputed that, by his own admission, that Defendant deleted 400 to 500 unlawful images. Some of this material available to the Court in 2016 involved prepubescent minors who had not attained the age of twelve years old. Investigators discovered sadistic or masochistic images, which included a prepubescent child involved in sexually explicit conduct. The nature and circumstances of the offense and the history and characteristics of the Defendant weigh against early termination of supervised release.

2

In determining whether the facts and circumstances weigh in favor of release, district courts might generally "find early termination proper . . . when exceptionally good conduct or other changed circumstances are present." *Hale*, 127 F.4th at 641 (citing *Melvin*, 978 F.3d at 53). "After all, compliance with all conditions 'is expected of an individual on supervised release'". *Id.* (citing *United States v. Butler*, 2023 WL 6552878, *2 (6th Cir. June 14, 2023)); *United States v. Syed*, 717 F. Supp. 3d 1066, 1068 (D.N.M. 2024) (citing *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002)). And that makes sense because early termination is "not warranted as a matter of course." *Syed,* 717 F.Supp.3d at 1068. At least one Judge in this district has found that "[e]ven full compliance with the terms of supervised release 'does not warrant early termination.'" *Id.* (citing *United States v. Givens*, 2022 WL 2820081, at *1 (E.D. Ky. 2022)). As discussed above, the Court commends Defendant for complying with the terms of supervised released. That effort, however, does not outweigh other considerations that inform the Court's broad exercise of discretion.

The Court further concludes that early termination would undermine affording adequate deterrence and protecting the public from further crimes. Indeed, terminating Defendant's supervised release at this point would send the wrong message to other offenders. The Court reminds the parties that, at sentencing, the parties presented to the Court an agreement under Rule 11(c)(1)(C). Although the conduct set forth in the presentence report could have justified a higher sentence, the Court decided to give Defendant the benefit of the doubt and accept the Rule 11 plea agreement. The record before the Court at that time made clear that Defendant recognized the benefit conferred by the plea agreement. Indeed, without the Court accepting the Rule 11(c)(1)(C) agreement, Defendant would have been, according to the presentence report, facing a guideline

range of 78–97 months in prison and five years to life on supervised release.[1]  In the Court's view, it would undermine § 3553(a)(2)(A), (a)(2)(B) and (a)(2)(C) to terminate supervised release at this juncture.

Supervised release aids in a defendant's rehabilitation.  *Syed,* 717 F.Supp.3d at 1069 (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)).  Through participation in supervised release conditions, Defendant receives sex-specific counseling twice per month.  Defendant is certainly on the right path.  At this juncture, however, the Court believes Defendant will benefit from further counseling and accountability support provided in connection with supervised release. The Court believes that the original term of supervised release is still warranted.

The Court has also considered the remaining § 3553(a) factors that § 3583(e) directs the Court to examine, including the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Consideration of these factors also supports denial of Defendant's motion.

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Defendant's unopposed motion for early termination of supervised release (Doc. No. 67).

IT IS SO ORDERED.

Entered for the Court
this the 26th day of May, 2026

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation

---

[1] Defendant made no objection to this calculation in the presentence report.